**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 08-384 (DWF) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Daniel Michael Doocy, | |
| Defendant. | |

Christian S. Wilton and Timothy C. Rank, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

This matter is before the Court on Defendant's Motion to Revoke the Order of Restitution in the above-entitled matter or to set a hearing to address the motion. The Government opposes the Defendant's motion to revoke the restitution order.

The Defendant was sentenced on September 17, 2009. As part of the sentence, the Defendant agreed to pay restitution, as required by 18 U.S.C. § 3663A. This Court ordered restitution in the amount of $389,000. There was no dispute at the time of sentencing that the total loss was at least $389,000. However, many, if not all, of the fraudulent loans had been sold and resold on the secondary mortgage market. Consequently, at the time of sentencing, and, with few exceptions, the Government still

has not yet been able to identify the current mortgage holders. At the time of sentencing, the case agent involved was attempting to identify all of the victims.

The Defendant now asserts that to the extent the victims have never filed a restitution claim, that, pursuant to 18 U.S.C. § 3664(d)(5), that since 90 days has passed for the victims to file a restitution claim, that the restitution order is null and void and should be revoked. The Defendant has been making restitution payments of $100 per month, as ordered by the Court, and is currently paying $200 a month to "catch up" and become current on payments. The Government, in turn, in opposing the Defendant's position, requests that the $1,625 ($1,825-$200 for mandatory special assessment) as of the date of the January memorandum be paid to the bankruptcy estate of MILA, Inc., because one of the mortgage lenders defrauded involving the purchase of the Worchester property went out of business in 2008. However, MILA, Inc., is still in bankruptcy proceedings (*see In re MILA, Inc.*, Case No. 07-13059 (KAO) (US Bankr. Ct., W.D. Wash.). The Government has asserted that the bankruptcy state of MILA, Inc., should be considered a victim for purposes of restitution in the case.

Based upon the presentations of the parties and the Court having reviewed the contents of the file in this matter, including the Presentence Report and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. The Court denies at this time the motion of the Defendant to revoke the order of restitution pending a status conference in this matter unless otherwise ordered by the Court. The Court will contact counsel for the defense and counsel for the Government for the purpose of setting up a status conference. The status conference will include, but not be limited to, the following issues:

   a. Whether the Government should be respectfully directed to identify the holders of the mortgages and the other transactions brokered by the Defendant at the time the property went into foreclosure;

   b. Whether the Court should order restitution monies thus far paid in and being held by the Clerk of the United States District Court be paid to the bankruptcy estate of MILA, Inc., and, to that extent, be considered a victim for purposes of restitution in the case;

   c. Whether an evidentiary hearing should be set; and

   d. Any other issues deemed important and relevant by either the Government or the defense.

2. The attached memorandum is made a part hereof.

Dated: March 5, 2012            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

# MEMORANDUM

It is the Court's goal to resolve all restitution issues with or without a further hearing as a result of the status conference which the Court has directed to be scheduled.

The primary reason the Court has denied the Defendant's motion at this time to revoke the order of restitution is to address 18 U.S.C. § 3664(d)(5) to the extent that it states:

> If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

The concern of the Court is that while there is no dispute as to the loss caused by the fraud, namely at least $89,000, the Court accepts that it must evaluate the issue of the identification of victims in the case and whether the Court, with or without objection, should direct the Government to identify the holders of the mortgages in the other transactions that were brokered by the Defendant at the time the property went into foreclosure.

There is little dispute that the Government anticipated receiving responses from the victim lenders after victim impact notices were sent out. For a variety of reasons, and quite unfortunately, none have been received. While this is uncommon for most criminal cases that come before this Court, it is not uncommon in mortgage fraud cases in substantial part because many of the lenders have gone out of business because of the

4

substantial fraud that was involved in the mortgage lending transactions in which the Defendant participated.

Until the Court has had the status conference in this matter, the Court will continue to hold any monies that have been paid in and reserve ruling on whether an additional evidentiary hearing is needed.  Of course, an additional issue that will be discussed at the status conference is the fact that the Court, on the assumption that it was ordering $389,000 in restitution to be paid, did not impose a fine upon the Defendant.  The parties should be prepared to discuss that issue and the authority of the Court to address that issue, depending upon how the restitution issue and identification of victims issue is resolved either by stipulation or by a decision of this Court.

For the reasons stated, the Court has denied Defendant's motion to revoke the order of restitution, but has set up a status conference to address the issues of concern for all parties.

D.W.F.